FILED
United States Court of Appeals
Tenth Circuit

December 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM MORRISON, a/k/a Marco
Tyler,

      Defendant-Appellant.

No. 09-3243
(D.C. No. 2:06-CR-20099-CM-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Defendant William Morrison entered a guilty plea to one count of wire

fraud and one count of money laundering. His plea agreement included a waiver

of his right to appeal any matter in connection with his sentence. Mr. Morrison

has now filed an appeal seeking to challenge the district court's denial of his

motion to continue his sentencing hearing and other matters related to the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentencing hearing. The government has moved to enforce the appeal waiver in Mr. Morrison's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

## I. Background

The issues in this appeal arose out of the sentencing proceedings in the district court after Mr. Morrison entered into the plea agreement and entered his guilty plea at his change-of-plea hearing. Mr. Morrison's sentencing hearing was initially scheduled to take place on June 23, 2009. His attorney moved for two continuances of the hearing and it was ultimately rescheduled for the end of August. On July 9, a preliminary presentence report (PSR) was prepared and disclosed to Mr. Morrison's counsel. Mr. Morrison did not file any objections, and, on August 13, the final PSR was filed. That same day, after the final PSR had been filed, Mr. Morrison filed objections to the *preliminary* PSR without giving any explanation for their untimely filing.

On Monday, August 17, Mr. Morrison moved to continue his sentencing hearing, which was scheduled for August 21. In that motion, Mr. Morrison's counsel explained that, although he had prepared objections to the preliminary PSR on July 25, he had mistakenly failed to timely file them. On August 19, the district court denied the motion. Later that day, the government filed its response to Mr. Morrison's objections. Mr. Morrison then filed another motion to continue

the sentencing hearing, arguing it would violate his rights under Fed. R. Crim. P. 32(g) to proceed to sentencing so soon after he filed his objections to the PSR. The government opposed the continuance, asserting Mr. Morrison had neither sought nor received leave of court to file his objections out of time. The government further stated it had already responded to the objections, the response did not contain any new information or arguments that would not have been anticipated by the defense, and Mr. Morrison could establish no prejudice from proceeding with sentencing as scheduled.

At the hearing on August 21, the district court first addressed Mr. Morrison's pending motion to continue his sentencing hearing. The court stated it considered the PSR filed on August 13 to be the final PSR, the disclosure of the report fulfilled the requirements of Rule 32, Mr. Morrison received a copy of it, and he could not rely on his own failure to file timely objections to claim error in the sentencing proceedings. The court further stated that, although Mr. Morrison's objections were untimely, it would consider them. The court then denied Mr. Morrison's motion for a continuance.

After the court's ruling, Mr. Morrison's counsel indicated his intent to not have his client participate in the sentencing hearing. The court then spoke to Mr. Morrison directly. Mr. Morrison acknowledged he had reviewed the preliminary version of the PSR, had discussed possible objections with his counsel, and it was his decision (based on the advice of counsel) to not participate

in the sentencing hearing. After that discussion, the hearing proceeded with the government's evidence and arguments with regard to sentencing Mr. Morrison. At the conclusion of the hearing, the court ruled on Mr. Morrison's previously filed objections. The court then sentenced Mr. Morrison to 100 months on each count, to be served concurrently; this sentence was at the low end of the advisory guideline range. Mr. Morrison filed an appeal, challenging his sentencing proceedings, and the government filed a motion to enforce the appellate waiver in Mr. Morrison's plea agreement.

## II. Discussion

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Mr. Morrison argues his appeal is outside of the scope of his appeal waiver, his waiver was not knowing and voluntary, and enforcing the waiver would result in a miscarriage of justice.

### A. Scope

Mr. Morrison asserts he is not challenging the substantive reasonableness of his sentence, but rather the procedures that were followed with respect to his sentencing. He contends he did not waive his right to challenge the findings in his PSR. But Mr. Morrison did have the opportunity to challenge the findings in

his PSR and those objections were considered by the district court. Morever, the scope of Mr. Morrison's waiver includes "*any* matter in connection with . . . [his] sentence." Mot. to Enforce, Attach. at A10 (plea agreement) (emphasis added). Because Mr. Morrison's appeal presents a challenge to a matter in connection with his sentence, his appeal falls within the scope of his appellate waiver.

### B. Knowing and Voluntary

Mr. Morrison next argues his appellate waiver was not knowing and voluntary because he agreed to plead guilty under the terms of the plea agreement based on his understanding that he would be able to challenge the findings in the PSR. Because he claims he was not afforded that opportunity, he contends his waiver was not knowing and voluntary.

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citation omitted). Mr. Morrison does not appear to challenge the language in his plea agreement, which expressly states, "[t]he defendant acknowledges that he is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." Mot. to Enforce, Attach. at A11-A12 (plea agreement).

Rather, Mr. Morrison seems to be suggesting that an error occurred during his plea colloquy.

Early in his change-of-plea hearing, before the court's discussion with Mr. Morrison about his appellate waiver, the district court was explaining the process by which the court would determine his sentence. As part of this, the district court discussed the sentencing guidelines, noting that the court would not be able to make a determination about Mr. Morrison's sentence until after the presentence investigation report was prepared, and the government and Mr. Morrison "had an opportunity to challenge the facts as reported by the probation office." *Id.* at A31 (transcript of change-of-plea hearing). The court then asked Mr. Morrison if he understood he had the right to make such a challenge and Mr. Morrison responded that he did.

Later in the hearing, the district court reviewed the language in the plea agreement that discussed the waiver of Mr. Morrison's right to appeal or collaterally attack any matter in connection with his prosecution, conviction, or sentence. *Id*. at A40-42. Mr. Morrison acknowledged that he understood this waiver provision in his plea agreement, *id*. at A40-41, and that no one coerced or threatened him to enter into the agreement, *id*. at A41-42.

But Mr. Morrison contends he only entered a guilty plea because he was "assured" by the court he would be able to object to the PSR. Resp. to Mot. to Enforce at 12-13. And he now claims his appellate waiver was not knowing and

voluntary because he was not given the opportunity to make such a challenge.

First, the district court accurately relayed to Mr. Morrison that he would be given the opportunity to object to the factual findings in the PSR. And, as a factual matter, the record reflects that Mr. Morrison was given the opportunity to challenge the PSR because his counsel filed objections and the district court considered the objections, even though they were untimely. Mot. to Enforce, Attach. at A203-211 (transcript of sentencing hearing).

Second, Mr. Morrison relies on *United States v. Wilken*, 498 F.3d 1160 (10th Cir. 2007) to support his argument that his waiver was not knowing and voluntary, but in *Wilken*, the district court's "explanation of the waiver differed substantially from that in the written plea agreement," *id*. at 1167. Because this created ambiguity as to the scope of the defendant's waiver, we held the waiver was not knowing and voluntary. *See id*. at 1168-69. Here, unlike the court in *Wilken*, the district court did not inject any ambiguity during the plea colloquy about the scope of the waiver contained in Mr. Morrison's plea agreement. Accordingly, we conclude Mr. Morrison's waiver was knowing and voluntary.

### C. Miscarriage of Justice

Finally, Mr. Morrison asserts the appeal waiver in his plea agreement should not be enforced because it would result in a miscarriage of justice. An appeal waiver results in a miscarriage of justice where: (1) "the district court relied on an impermissible factor such as race;" (2) "ineffective assistance of

counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum;" or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted).

Mr. Morrison contends his waiver is "otherwise unlawful." *Id*. In order to meet his burden on this factor, *see United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004), "'the error [must] seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings.'" *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Mr. Morrison argues the appeal waiver should not be enforced because the court failed to follow the proper procedure when sentencing him and this error affected the outcome of his sentencing proceedings, citing to *Olano*, 507 U.S. at 734.

We disagree with Mr. Morrison's characterization of the district court proceedings. As the government aptly stated:

> The defendant should not be permitted to deprive the government of the benefit of the bargain simply by filing his objections late and then refusing to participate in the sentencing hearing.
>
> Indeed, the only adverse affect on the fairness, integrity, or public reputation of judicial proceedings would be if this Court allows the defendant to avoid the effect of his waiver by creating error and then benefitting from it.

Mot. to Enforce at 18. We conclude Mr. Morrison has not demonstrated that enforcing his appeal waiver would result in a miscarriage of justice.

Finally, we note the government suggested that "[t]here will be a time and a place to address errors by [Mr. Morrison's] counsel, but this is not it." *Id*. Although not specifically cited by the government, this reference is presumably to our decision in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), in which we held "that a plea agreement waiver of postconviction rights does not waive the right to bring a [28 U.S.C.] § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." And we further note Mr. Morrison's plea agreement contained an express reference to *Cockerham*, stating he was waiving his right to bring a § 2255 petition, "except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)." Mot. to Enforce, Attach. at A10.

## III. Conclusion

Accordingly, because the issues in this appeal are within the scope of the appeal waiver, Mr. Morrison's waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.


ENTERED FOR THE COURT
PER CURIAM