FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM MORRISON,

    Defendant - Appellant.

No. 10-3210
(D.C. Nos. 10-CV-02309-CM and
06-CR-20099-CM-2)
(D. Kan.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant William Morrison, a federal inmate proceeding pro se,

seeks a certificate of appealability ("COA") so that he may challenge the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. Because Mr. Morrison has not made "a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a

COA and dismiss the appeal.

Background

We discussed the facts underlying Mr. Morrison's case on direct appeal,

but we will briefly recount the facts relevant to the current habeas motion. See

United States v. Morrison, 356 Fed. App'x 129 (10th Cir. 2009) (per curiam) (unpublished).  Mr. Morrison pleaded guilty to one count of wire fraud and one count of money laundering.  Id. at 129.  His plea agreement included a waiver of his right to appeal or collaterally attack any matter in connection with the prosecution, conviction, and sentence.  R. 48.  At the plea colloquy, Mr. Morrison asserted that he entered the plea knowingly, voluntarily, and of his own free will; that no one forced or threatened him to do so; that his attorney informed him of the charges and consequences of pleading guilty; that he had reviewed and understood the waiver of his right to collaterally attack any matter in connection with his prosecution, conviction, and sentence; and that he discussed the matter thoroughly with his attorney and was satisfied with his advice and services.  Doc. 237 at 5-6, 14, 28-30, 32, 37-39.  He also expressed his desire to be able to present evidence on his behalf at his sentencing hearing.  Id. at 13.

After granting two motions filed by Mr. Morrison to continue the sentencing hearing, the court scheduled the hearing for August 21, 2009. Morrison, 356 Fed. App'x at 130.  A preliminary presentence report ("PSR") was prepared on July 9, 2009 and disclosed to Mr. Morrison's counsel.  Id.  Mr. Morrison did not object to the preliminary PSR, and the final PSR was filed on August 13, 2009.  Id.  On the same day the final PSR was filed, Mr. Morrison's counsel filed objections to the preliminary PSR, without explanation for their untimely filing.  Id.  On August 17, Mr. Morrison filed a motion to continue the

- 2 -

sentencing hearing.  Id.  In that motion, Mr. Morrison's counsel explained that he had prepared objections to the preliminary PSR before the final PSR was filed, but had mistakenly failed to file them.  Id.  The court denied the motion to continue on August 19, and Mr. Morrison filed another motion to continue, arguing that proceeding to sentencing was not proper under Fed. R. Crim. P. 32(g), which provides that the probation officer must submit to the court and parties the PSR and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them at least seven days before sentencing.  Id.; see also Fed. R. Crim. P. 32(g).  The government opposed the continuance.  Morrison, 356 Fed. App'x at 130.

At the sentencing hearing on August 21, the court denied Mr. Morrison's pending motion to continue and imposed a sentence.  Id.  First, the court held that the final PSR had been filed on August 13 and that its disclosure fulfilled the requirements under Rule 32.  Id.  The court considered Mr. Morrison's objections to the preliminary PSR—even though they were not timely filed—and denied the motion for a continuance.  Id.  Upon advice from counsel, Mr. Morrison chose not to participate in the sentencing hearing, even though Mr. Morrison had expressed his desire to do so at the plea colloquy.  Id.  After the government presented evidence, the court sentenced Mr. Morrison to 100 months for each count, to be served concurrently, three years supervised release, and $652,549.36 in restitution.  R. 127.  Mr. Morrison timely appealed, challenging the district

court's sentencing proceedings, and the government moved to enforce the appeal waiver in Mr. Morrison's plea agreement. Morrison, 356 Fed. App'x at 130. We granted the government's motion and dismissed the appeal. Id. at 133.

Mr. Morrison then filed a timely § 2255 motion in which he argued that (1) counsel was ineffective, (2) the government violated his speedy trial rights, (3) the Corrections Corporation of America ("CCA") violated his due process rights, and (4) the court failed to fulfill its obligations in the plea agreement. R. 57-76. The government filed a motion to enforce the waiver in the plea agreement. Id. at 77-104. The district court granted the government's motion to enforce the waiver in the plea agreement and denied the § 2255 motion on August 4, 2010. Id. at 138. Mr. Morrison filed a notice of appeal on August 11, 2010. Id. at 139.

Discussion

To appeal from the denial of a § 2255 motion, Mr. Morrison must obtain a COA. See 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Mr. Morrison must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To satisfy this requirement, Mr. Morrison must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

omitted).

A waiver of the right to bring a collateral attack in a plea agreement is generally enforceable. United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001). We enforce these waivers so long as: (1) the collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral review; and (3) enforcing the waiver would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (reviewing waiver of appellate rights); see also Cockerham, 237 F.3d at 1182-83 (holding that the enforceability of a waiver of the right to bring a collateral attack is assessed under the same standards as a waiver of appellate rights). In Cockerham, however, we held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. On appeal, Mr. Morrison raises the same issues as before the district court as well as prosecutorial misconduct. Aplt. Combined Opening Br. & Application for a COA at 2-2E. We do not think that reasonable jurists could debate whether Mr. Morrison's motion should have been resolved in a different manner.

A.    Speedy Trial, Due Process, Court's Obligation Under the Plea Agreement, and Prosecutorial Misconduct Claims.

Applying the first prong of Hahn's three-part inquiry, all claims other than

the ineffective assistance of counsel claim (which is addressed below) fall within the scope of his waiver.  R. 130-31.  Paragraph 10 of the plea agreement, entitled "Waiver of Appeal and Collateral Attack," broadly states:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . The defendant also waives any right to challenge a sentence or otherwise to attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . .  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court.

R. 48 (brackets in original).

In addition, the second Hahn factor is met because the evidence in the record—both in the plea colloquy and the "Waiver of Appeals and Collateral Attack" paragraph in the plea agreement—is sufficient to show that Mr. Morrison knowingly and voluntarily waived his rights to appeal or to collaterally attack his sentence.  Id. at 128-29; see also Hahn, 359 F.3d at 1325 (holding that in determining whether a defendant entered a plea agreement knowingly and voluntarily, we should examine the language of the plea agreement and whether there was an adequate colloquy).

Finally, enforcing the waiver would not result in a miscarriage of justice. A waiver of postconviction rights results in a miscarriage of justice and is unenforceable if the defendant can establish one of the following: (1) the district

court relied on an impermissible factor such as race; (2) the prisoner's counsel was ineffective concerning the negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. Cockerham, 237 F.3d at 1182 (citations omitted). Of these factors, Mr. Morrison contends only that he received ineffective assistance of counsel. We address that claim separately below. Because the Hahn factors are met, the waiver is enforceable for all other claims.

B.      Ineffective Assistance of Counsel.

Under Cockerham, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. We have stated in unpublished opinions that the Cockerham exception applies only to ineffective assistance of counsel claims challenging the negotiation or validity of the plea or waiver. See, e.g., United States v. Akers, 377 Fed. App'x 834, 836 (10th Cir. 2010) (per curiam) (unpublished) ("The Cockerham exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing." (citing Cockerham, 237 F.3d at 1187)); United States v. Masters, 317 Fed. App'x 750, 755 (10th Cir. 2009) (unpublished) ("To withstand enforcement [of a plea waiver], the [ineffective assistance of counsel] claim must specifically

'challenge counsel's representation in negotiating or entering the plea or the waiver.'" (quoting Cockerham, 237 F.3d at 1187)).

Mr. Morrison argues that his counsel was ineffective for: (1) not preparing for the sentencing hearing; (2) failing to timely file objections to the PSR; (3) not explaining the government's appeal waiver correctly before advising Mr. Morrison about the waiver; (4) assuring Mr. Morrison that if he did not participate in his sentencing hearing that the court of appeals would remand his case for sentencing; (5) not protecting Mr. Morrison's speedy trial rights; (6) not fully investigating exculpatory discovery items; and (7) never giving Mr. Morrison the late objections that he filed on Mr. Morrison's behalf. Combined Opening Br. & Application for a COA at 2. Of these claims, only one—not explaining the government's appeal waiver correctly before advising Mr. Morrison about the waiver—challenges the validity of the plea or the waiver, and is therefore not waived under Cockerham.

To establish a successful claim for ineffective assistance of counsel, Mr. Morrison must show that "(1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense, depriving him of a fair trial with a reliable result." United States v. Orange, 447 F.3d 792, 796 (10th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To prove counsel's performance was deficient, Mr. Morrison "must show that his attorney['s] 'representation fell below an objective standard of reasonableness.'"

- 8 -

Roman v. Gibson, 278 F.3d 1145, 1151 (10th Cir. 2002) (quoting Strickland, 466 U.S. at 687-88).  To prove prejudice concerning the negotiation of the plea, Mr. Morrison must show that there is a "'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Mr. Morrison's only contention that survives the waiver is that counsel "fail[ed] to explain the appeal waiver correctly at the plea hearing."  Aplt. Combined Opening Br. & Application for a COA at 8.  There is no evidence in the record which suggests that Mr. Morrison's attorney incorrectly explained the plea or waiver.  Indeed, both the plea colloquy and language in the plea indicate that Mr. Morrison fully understood the plea and waiver and that he was satisfied with his attorney's explanation of them.

Construing Mr. Morrison's motion liberally, however, he appears to argue that he would not have entered the plea if he had known that his attorney was not going to present evidence on his behalf at the sentencing hearing.  Id. at 7-8; R. 119-20.  At the sentencing hearing, after the court denied Mr. Morrison's motion to continue, Mr. Morrison's counsel advised Mr. Morrison not to present evidence at the sentencing hearing so that he could preserve the Fed. R. Crim. P. 32 argument for appeal and because he was not prepared for the hearing, as he did not know what to prepare for.  Doc. 229 at 17-18.  Still, this argument ultimately

concerns Mr. Morrison's counsel's performance at sentencing, and not his performance in the negotiation or validity of the plea or waiver; thus the Cockerham exception does not apply to this argument. See Akers, 377 Fed. App'x at 836 (citing Cockerham, 237 F.3d at 1187). In an unpublished case with a similar issue, we noted, without deciding, that defendant's argument that counsel was ineffective for instructing defendant not to speak on his own behalf at sentencing would likely be barred by defendant's collateral attack waiver because it did not relate to counsel's performance in negotiating or entering the plea or waiver. United States v. Abston, No. 10-5091, 2010 WL 4367124, at *6 n.4 (10th Cir. Nov. 5, 2010) (unpublished). We proceeded to address the ineffective assistance of counsel argument, however, because the government did not seek to enforce the waiver. Id. The government in this case filed a motion to enforce the waiver; thus, we need not address the ineffective assistance of counsel claim.

In sum, reasonable jurists could not debate whether Mr. Morrison's motion should have been resolved in a different manner. Mr. Morrison has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  Accordingly, we DENY his request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge