FILED
United States Court of Appeals
Tenth Circuit

July 12, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD HAWKINS, a/k/a "Lil
Hoover,"

Defendant - Appellant.

No. 11-6002
(D.C. Nos. 10-CV-01108-M and
5:09-CR-00024-M-1)
(W.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Richard Hawkins, a federal inmate proceeding pro se, seeks a certificate of
appealability ("COA") to appeal from the district court's denial of his 28 U.S.C
§ 2255 motion to vacate, set aside, or correct his sentence.  Because Mr. Hawkins
has failed to make the requisite showing, we deny the application for a COA and
dismiss the appeal.

Background

The parties are familiar with the facts, and we need not repeat them here.
See United States v. Hawkins, 390 F. App'x 818, 819 (10th Cir. 2010)

(unpublished). Suffice it to say that in January 2009 a grand jury returned a nine-count indictment against Mr. Hawkins. See 1 R. 1-4. In March 2009 Mr. Hawkins pleaded guilty to count 9, possession with intent to distribute 13 milliliters of phencyclidine (commonly known as PCP). Id. at 24, 33. The plea agreement waived Mr. Hawkins' rights to appeal or collaterally attack the guilty plea, conviction, or sentence. Id. at 39-41. At sentencing, counsel submitted an oral motion to withdraw, which the court granted. Id. at 55. New counsel moved to set aside the plea agreement, which the district court denied. Id. at 56, 115. Mr. Hawkins appealed, arguing that the plea agreement was involuntary because of counsel's ineffective assistance. Hawkins, 390 F. App'x at 819. We granted the government's motion to enforce the waiver, holding that the proper avenue for Mr. Hawkins' ineffective assistance claims was a § 2255 motion. Id. at 821-22. Mr. Hawkins brought such a motion in October 2010. 1 R. 194.

In his § 2255 motion, Mr. Hawkins argued that counsel was ineffective for (1) failing to advise Mr. Hawkins that, if he pleaded guilty to count 9 of the indictment, he would definitely qualify as a career offender for sentencing purposes, id. at 201; (2) failing to obtain a lab report showing that Mr. Hawkins possessed only .2 milliliters of PCP, not 13 milliliters as alleged in the indictment, id. at 203; and (3) failing to argue that the government converted a state-law simple possession case into a federal possession-with-intent case, id.

See also Aplt. Br. 3-4.[1]

The district court denied the motion, holding that defense counsel's miscalculation of the guideline range and failure to obtain the lab report did not constitute ineffective assistance and that Mr. Hawkins failed to show the requisite prejudice. Hawkins, 2010 WL 5301010, at *3. The court further held that Mr. Hawkins' other arguments fell within the valid collateral-attack waiver in the plea agreement. Id. at *4-6.

Mr. Hawkins is entitled to a COA upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He makes such a showing if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

 On direct appeal, we noted that Mr. Hawkins' ineffective assistance of counsel claims fell within the exception to waiver established by United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). See Hawkins, 390 F. App'x at 821. Hahn permits a defendant to assert ineffective assistance of counsel claims—notwithstanding an otherwise-valid waiver—insofar as they relate to counsel's performance in negotiating the waiver contained in the plea agreement. Hahn, 359 F.3d at 1327 (recognizing that ineffective assistance in negotiating the appellate waiver may constitute a "miscarriage of justice" and

---

[1] Mr. Hawkins identified seven grounds before the district court. See Hawkins, No. CIV-10-1108-M, 2010 WL 5301010 (W.D. Okla. Dec. 20, 2010), at *1 (listing claims). However, he advances only three on appeal.

therefore be excepted); see also United States v. Cockerham, 237 F.3d 1179, 1182-83 (10th Cir. 2001) (waiver of collateral-attack rights is analyzed under the same framework as appellate rights), id. at 1187 (exception is limited to ineffective assistance claims challenging validity of the plea or waiver), United States v. Morrison, No. 10-3210, 2011 WL 286365, at *3-4 (10th Cir. Jan. 31, 2011) (unpublished) (listing cases). Thus, the issue before us is whether reasonable jurists would debate the district court's holding that Mr. Hawkins received effective assistance. We hold that they would not.

To make a claim for ineffective assistance of counsel in the plea agreement context, the petitioner must show (1) objectively deficient performance and (2) but-for counsel's performance, there is a "reasonable probability" that he would not have pleaded guilty and instead gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On appeal, Mr. Hawkins argues that counsel was ineffective for (1) failing to obtain a police report stating that a vial contained .2 milliliters of PCP, not 13 milliliters as charged in the indictment, Aplt. Br. 3; (2) informing Mr. Hawkins that there was a chance he would not qualify as a career offender, id. at 4; and (3) failing to investigate how the federal government charged Mr. Hawkins with possession and intent to distribute, when the state charge was for simple

possession, id.[2]

Precedent dictates that miscalculation of the guideline range ordinarily does not constitute objectively deficient performance. See United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993). Further, Mr. Hawkins acknowledged that the ultimate length of his sentence would be determined solely by the court both in the plea agreement and the hearing. See Hawkins, 2010 WL 5301010, at *3. Accordingly, even if we construe Mr. Hawkins' argument as attacking the validity of the plea or waiver, see Cockerham, 237 F.3d at 1187, Mr. Hawkins is not entitled to relief and the district court's holding to that effect is not reasonably debatable.

Mr. Hawkins' first ineffective assistance argument is slightly more complicated. He argues that counsel was ineffective in failing to obtain a state lab report establishing that he possessed .2 milliliters of PCP, not 13 milliliters. Aplt. Br. 2. However, Mr. Hawkins does not argue that, but-for counsel's failure to obtain the report, he would have gone to trial. He also fails to explain how counsel's failure to obtain the lab report relates to negotiation of the plea or waiver. See Cockerham, 237 F.3d at 1187. In any event, our review of the record

---

[2] Because Mr. Hawkins is proceeding pro se, we construe his pleadings liberally. Harris v. Dinwiddie, — F.3d —, 2011 WL 1591814, at *1 n.1 (10th Cir. 2011). However, we will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

does not reveal a reasonable probability that, but-for counsel's failure, Mr. Hawkins would have proceeded to trial. Mr. Hawkins admitted distributing PCP to friends, thus vitiating any factual argument that he did not intend to distribute. See United States v. Hawkins, No. CR-09-24-m, 2010 WL 908499, at *2 (W.D. Okla. Mar. 9, 2010). Further, when he was arrested Mr. Hawkins was in possession of several empty vials, which could support intent to distribute. 1 R. 79. Finally, the indictment included nine counts, including four counts of possession with intent to distribute a substance containing cocaine base, three counts of possession with intent to distribute PCP, and two telephone counts. See id. 1-4. Given these facts, we fail to see how the police report would have lead Mr. Hawkins to reject a plea agreement and proceed to trial. We further note that the district court was correct in its observation that Mr. Hawkins' status as a career offender, not the quantity of drugs, dictated the length of the sentence in this case. See 3 R. 97-98; USSG § 4B1.1. The district court's decision rejecting this argument is not reasonably debatable.

Mr. Hawkins' third ineffective assistance claim does not challenge counsel's performance in negotiating the plea or waiver and thus falls within the scope of the collateral-attack waiver. See Aplt. Br. 4; Cockerham, 237 F.3d at 1187. Apart from the ineffective assistance claims discussed above, he does not argue that the plea or waiver was involuntary. Accordingly,

We **DENY** a COA, **DISMISS** the appeal, and **GRANT** Mr. Hawkins'

motion for IFP status.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge