**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4099**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAN JORDAN, a/k/a Tweety Bird, a/k/a Bird,

Defendant - Appellant.

**No. 10-4212**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PERCELL BURROWS, a/k/a Light,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.  Jerome B. Friedman, Senior District Judge.  (4:08-cr-00147-JBF-FBS-7; 4:08-cr-00147-JBF-FBS-5)

Submitted:  July 1, 2011        Decided:  July 12, 2011

Before WILKINSON, MOTZ, and KING, Circuit Judges.

No. 10-4099 dismissed; No. 10-4212 affirmed by unpublished per curiam opinion.

---

Jeffrey M. Brandt, ROBINSON & BRANDT, PSC, Covington, Kentucky; Jane C. Norman, BOND & NORMAN, Washington, DC, for Appellants. Neil H. MacBride, United States Attorney, Howard J. Zlotnick, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Jordan, pursuant to a written plea agreement, and Percell Burrows, without a plea agreement, each pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Jordan was sentenced to 168 months' imprisonment, and Burrows was sentenced to 360 months' imprisonment.

In these consolidated appeals, Jordan argues that he should be relieved of the appellate waiver in his plea agreement because the 168-month sentence is unreasonable and enforcing the waiver under these circumstances would result in a miscarriage of justice. The Government responds that the appeal waiver should be enforced. Burrows argues (1) the amendment to U.S. Sentencing Guidelines Manual § 2D1.1(a)(5), (b)(15) directed by Chapter Seven of the Fair Sentencing Act retroactively operates to reduce his base offense level from thirty-eight to thirty-two and he is entitled to be resentenced; (2) the November 1, 2010, amendment to USSG § 5H1.4 ("Amendment 739") applies retroactively to reduce his sentence based on his abuse of drugs and alcohol because it is a clarifying amendment; (3) his plea was not knowing and voluntary because the district court did not advise him that he faced a sentence of 360 months' to life imprisonment; (4) he received ineffective assistance of counsel

3

because counsel failed to obtain a written plea agreement on his behalf explaining the Government's position as to the drug weight calculation and stating his Guidelines range; (5) the district court erred in calculating the drug weight attributable to him; and (6) the district court erred by denying him an adjustment for acceptance of responsibility. We dismiss Jordan's appeal, and affirm Burrows' conviction and sentence.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Our review of the record leads us to conclude that Jordan validly waived the right to appeal his sentence, and the issues that he seeks to raise on appeal fall within the scope of the waiver.

We also find without merit Jordan's claim that enforcement of the waiver will result in a miscarriage of justice. A miscarriage of justice in the context of an appellate waiver occurs only when the resulting sentence is based on consideration of an impermissible factor such as race, ineffective assistance of counsel in connection with the waiver, a sentence exceeding the statutory maximum, or otherwise

4

unlawful waiver that seriously affects the fairness, integrity or public reputation of judicial proceedings.  <u>United States v. Hahn</u>, 359 F.3d 1315, 1327 (10th Cir. 2004).  Jordan makes no such showing here.  Accordingly, we uphold Jordan's appellate waiver and dismiss his appeal.

Burrows argues that two of the 2010 amendments to the U.S. Sentencing Guidelines Manual, effective November 1, 2010, apply retroactively to reduce his sentence.  Burrows argues that the Amendment 748 to USSG § 2D1.1 (a)(5), (b)(15) as directed by Chapter Seven of the Fair Sentencing Act, applies retroactively to reduce his base offense level from thirty-eight to thirty-two.  In support, Burrows notes that Chapter Seven directs the U.S. Sentencing Commission to amend the Sentencing Guidelines to ensure that a defendant who is subject to a minimal role adjustment is sentenced using a base offense level of no more than thirty-two.  Burrows claims that because he played a minimal role in the drug conspiracy, he should be resentenced using a base offense level of thirty-two.  Burrows also argues that Amendment 739, which amended USSG § 5H1.4 to allow for a departure based on severe drug abuse or dependence, also applies retroactively and provided a ground for the court to depart. Because Burrows was sentenced in February 2010, neither of these amendments were available to him.  Burrows argues that this Court should vacate his sentence and remand to the district

court so that he can make a record to show that he is eligible to receive the benefit of these amendments.

The determination of whether an amendment to the Sentencing Guidelines applies retroactively to cases pending on direct appeal turns on whether the amendment is a clarifying amendment or a substantive one.  United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004).  A clarifying amendment is given retroactive effect, while a substantive amendment is not.  Id.  To distinguish between the two, we have defined a clarifying amendment as one that "changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guideline to have already meant."  United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995).  On the other hand, a substantive amendment is one that "has the effect of changing the law in this circuit."  Id. at 1110.  We conclude that the amendments in question are substantive and do not retroactively apply to Burrows' sentence.

We next turn to Burrows' challenge to his guilty plea. Because Burrows did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). After thoroughly reviewing the transcript of the Rule 11 hearing, we discern no plain error.

Burrows next asserts that he received ineffective assistance of counsel because counsel failed to obtain a written plea agreement on his behalf. However, unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance of counsel claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2011)). We find that counsel's alleged ineffectiveness is not conclusively apparent on the face of this record and decline to consider this claim on direct appeal.

Burrows next argues that the district court erred in calculating the drug weights attributable to him. A district court's finding regarding drug weights is factual in nature and is therefore reviewed for clear error. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). In conducting this review, this Court gives due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2006). Credibility determinations therefore receive deference unless they are without support in the record. United States v. Brown, 944 F.2d 1377, 1379-80 (7th Cir. 1991). Our review of the record leads us to conclude that the district

7

court did not clearly err in calculating the drug weight attributable to Burrows.

Nor did the district court err in denying Burrows an adjustment for acceptance of responsibility. A district court's determination regarding acceptance of responsibility is factual in nature and will not be reversed unless clearly erroneous. United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007). Under USSG § 3E1.1 cmt. n.1(a), a defendant need not volunteer or admit to relevant conduct to obtain a reduction for acceptance of responsibility, but the reduction is not warranted when a defendant falsely denies, or frivolously contests relevant conduct that the court determines to be true. See Elliott v. United States, 332 F.3d 753, 766 (4th Cir. 2003) (affirming the denial of reduction for acceptance of responsibility where defendant falsely denied relevant conduct). Our review of the record leads us to conclude that the district court did not clearly err in denying Burrows an adjustment for acceptance of responsibility, as Burrows frivolously contested the drug weight that was persuasively established by several witnesses.

Accordingly, we dismiss Jordan's appeal and affirm Burrows' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

8

presented in the materials before the court and argument would not aid the decisional process.

No. 10-4099 <u>DISMISSED</u>
No. 10-4212 <u>AFFIRMED</u>
