FILED
United States Court of Appeals
Tenth Circuit

August 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD HAWKINS,
a/k/a "Lil Hoover,"

Defendant-Appellant.

No. 10-6092
(D.C. No. 5:09-CR-00024-M-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**

---

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Richard Hawkins pleaded guilty to possession with intent to distribute

13 milliliters of PCP in violation of 21 U.S.C. § 841(a)(1). In his plea agreement,

he waived his right to appeal his conviction and sentence. Despite the appeal

waiver, he has appealed. The government has moved to enforce the waiver. *See*

*United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In

his response to the motion to enforce, Mr. Hawkins argues that the motion should

be denied because (1) the district court should have granted his motion to

withdraw his plea and (2) his plea was not entered knowingly and intelligently

due to ineffective assistance of counsel, and that ineffective assistance resulted in

a miscarriage of justice. Mr. Hawkins's ineffective assistance of counsel arguments focus on (1) whether counsel informed him that he would automatically be sentenced as a career offender if he pleaded guilty to possession with intent to distribute and (2) whether counsel had obtained and informed Mr. Hawkins of a lab report indicating that he possessed only .2 milliliters of PCP at the time of his arrest. We grant the motion to enforce and dismiss this appeal.

**BACKGROUND**

Mr. Hawkins was charged with four counts of possession with intent to distribute crack cocaine, three counts of possession with intent to distribute PCP, and two counts of use of a telephone to facilitate the purchase of PCP. In his petition to enter a guilty plea, in his plea agreement, and at the change of plea hearing, he indicated that he wanted to plead guilty to one count charging possession with intent to distribute 13 milliliters of PCP on October 16, 2008, the date of his arrest, and that he understood that he could be sentenced to twenty years in prison. In the petition to enter a guilty plea, he indicated that he understood that he could be sentenced as a career offender. In his plea agreement, he stated that he knowingly and voluntarily waived his right to appeal (1) his guilty plea; (2) his sentence, if it was within or below the guidelines range determined to be applicable by the court; and (3) any other aspect of his conviction.

At a hearing on the presence report, Mr. Hawkins again admitted under oath having 13 milliliters of PCP and acknowledged that his attorney, Mr. Don Gutteridge, told him about possible sentencing as a career criminal. Mr. Hawkins believed, based on discussions with Mr. Gutteridge, that a career offender sentence would be for only five to ten years of imprisonment. The district court continued the hearing to a later date.

At the resumed hearing, Mr. Hawkins, who was under oath, asked the court to excuse Mr. Gutteridge because Mr. Gutteridge had not been present for the Rule 11 conference at the prosecutor's office, had misled him concerning the amount of time he would serve in prison by entering the plea, and did not fully explain the plea agreement or his possible sentence if he pleaded guilty to one or more counts of possession with intent to distribute. Additionally, Mr. Hawkins stated that he pleaded guilty because Mr. Gutteridge had shown him in the guidelines what sentence he could get as a career criminal and it was five to ten years of imprisonment, not 151 to 188 months as indicated by the presentence report. Finally, Mr. Hawkins told the court that he did not actually possess 13 milliliters of PCP, because the lab report showed that he had only .2 milliliters at the time of his arrest. Based on Mr. Hawkins's displeasure with his representation, Mr. Gutteridge orally moved to withdraw. The district court granted the motion.

New counsel, Jack Fisher, was appointed. Mr. Hawkins moved to withdraw his guilty plea as not entered knowingly and voluntarily. He asserted that he received incorrect advise from Mr. Gutteridge, including counsel's failure to inform him that (1) he automatically qualified for the career offender enhancement by pleading guilty to possession with intent to distribute and (2) the lab report showed only .2 milliliters of PCP. The district court denied the motion. First, the court found that Mr. Hawkins did not make a credible claim of legal innocence, because the drug quantity was not an essential element of the offense. Next, the court found that a miscalculation of sentence by Mr. Gutteridge was not deficient performance and that Mr. Hawkins did not suffer prejudice from the inaccurate sentence prediction because he had acknowledged in the plea agreement and at the plea hearing that the court had sole discretion to determine the sentence. Finding no ineffective assistance by Mr. Gutteridge, the court also found that Mr. Hawkins's plea was knowing and voluntary.

After the district court denied the motion to withdraw the plea, the case proceeded to sentencing. At the sentencing hearing, a government witness testified about Mr. Hawkins's sale of crack cocaine and PCP. Mr. Fisher acknowledged Mr. Hawkins's extensive criminal history, but felt that based on the amount of PCP actually at issue, only .2 milliliters, Mr. Hawkins should not have pleaded guilty to possession with intent to distribute, because by doing so he automatically qualified as a career offender. After specifying the guidelines

range as 151 to 188 months' imprisonment due to Mr. Hawkins's status as a career criminal, the district court sentenced him to 151 months' imprisonment.

## *HAHN* ANALYSIS

In determining whether to dismiss an appeal based on a waiver of appellate rights, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

### *Scope of Appeal Waiver*

Mr. Hawkins does not specifically contest the fact that this appeal is within the scope of the waiver of his appellate rights, and his attempt to challenge the district court's refusal to allow him to withdraw his plea does fall within the scope of the waiver. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) ("An appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of an appeal waiver provision." (quotation marks omitted) (alterations omitted)).

### *Knowing and Voluntary Waiver and Miscarriage of Justice*

Mr. Hawkins contends that his waiver was not knowing and voluntary because Mr. Gutteridge provided ineffective assistance of counsel in the negotiation of the appeal waiver, resulting in a miscarriage of justice.

Mr. Hawkins states, and we agree, that the last two prongs of the *Hahn* test are intertwined.

Mr. Hawkins asserts two separate arguments that his guilty plea was not knowing and voluntary due to ineffective assistance of counsel, thereby resulting in a miscarriage of justice. First, he argues that Mr. Gutteridge did not explain to him that if he pleaded guilty to possession with intent to distribute he would automatically be treated as a career offender based on his prior criminal history. Mr. Hawkins contends that Mr. Gutteridge did not understand the mechanics of the guidelines with respect to the career offender provision and therefore affirmatively misled Mr. Hawkins to believe that there was a chance he would not qualify as a career offender.

Second, Mr. Hawkins argues that Mr. Gutteridge failed to obtain and inform him of the lab report showing that he actually possessed .2 milliliters of PCP instead of 13 milliliters at the time of his arrest. Mr. Hawkins contends that because possession of .2 milliliters could not support a finding that he had the intent to distribute, he did not knowingly and voluntarily enter a guilty plea. He acknowledges admitting that he possessed 13 milliliters of PCP with intent to distribute, but he contends that this was a mistake because he was intoxicated at the time of his arrest, he did not know how much PCP he had at the time of the arrest, and Mr. Gutteridge did not inform him of the correct amount before

negotiating the plea agreement. Thus, Mr. Hawkins contends that he made the admission based on Mr. Gutteridge's inadequate advice.

As indicated above, Mr. Hawkins's unknowing and involuntary and his miscarriage of justice arguments are intertwined. His arguments, which are based only on ineffective assistance of counsel, are not barred by the appeal waiver, because they implicate the narrow exception recognized in *Hahn*, and make the required connection between the ineffective assistance of counsel and the acceptance of the plea agreement and appeal waiver. *See Hahn*, 359 F.3d at 1327 (recognizing four possible scenarios for miscarriage of justice, including ineffective assistance of counsel in connection with negotiation of appellate waiver).

An ineffective assistance of counsel claim, however, must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (holding that this rule applies even where defendant seeks to invalidate appellate waiver based on ineffective assistance of counsel). Mr. Hawkins suggests, without elaboration, that this is one of the rare cases where the ineffective assistance of counsel claim needs no further development.

As indicated above, the district court held a hearing to determine whether Mr. Gutteridge should be permitted to withdraw. But it was not a full evidentiary hearing, it did not specifically address the test for ineffective assistance of

counsel, and it did not resolve the questions presented now. Although the district court did consider some of Mr. Hawkins's complaints about Mr. Gutteridge's performance, we cannot conclude that there has been sufficient development of the record to overcome the general rule that ineffective assistance of counsel claims typically should be raised in collateral proceedings. Thus, if Mr. Hawkins chooses to pursue his ineffective assistance of counsel claims, he must do so under § 2255.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM