**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0165n.06

**No. 10-5047**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

**Feb 08, 2012**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KENNETH LESTER MULLIKIN, JR., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

**SILER**, Circuit Judge.  Kenneth Mullikin was indicted on five counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count of forfeiture.  He pled guilty to one count of receipt of child pornography and the forfeiture charge, and the government dismissed the remainder of the charges.  Almost four months after entering his guilty plea, Mullikin moved to withdraw his plea, claiming that it was unknowing and involuntary because of ineffective assistance of counsel.  Specifically, he claims his attorney should have filed a motion to suppress evidence seized pursuant to warrants he believes were constitutionally infirm.  The district court denied his motion to withdraw, and Mullikin was sentenced to 97 months of imprisonment.  Because the record

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

is not adequately developed to address the ineffective assistance of counsel claim, we decline to address it on direct appeal and **AFFIRM** the judgment.

I.

In 2008, Mullikin participated in an online chat, using the name "MomJane," with an undercover FBI agent. During the conversation, "MomJane" indicated that she had a four-year-old daughter that she and her husband sexually abused. A police detective applied for a search warrant to "further continuing investigation of child sexual abuse." A state court judge issued the warrant, and several items were seized, including computers. Thereafter, the police requested additional warrants to have forensic experts search the contents of the two computers and cellular phone. This time, the officer asked to search for "pornographic images involving children" and "images and statements that tend to show a propensity for child sexual abuse."

The judge issued the second warrant, and officials discovered 704 still images and 98 videos of child pornography. Mullikin was charged with receiving and possessing child pornography. He was represented by Mark Bubenzer. Mullikin eventually pled guilty to one count of receipt of child pornography and a forfeiture claim. He signed a plea agreement, whereby he waived the right to "appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution."

At his rearraignment on June 16, 2009, Mullikin admitted to using computer equipment in his residence to download, view, and store computer files containing child pornography. The district court conducted a Rule 11 plea colloquy and set a sentencing date for October 13, 2009. On July 21, 2009, Bubenzer filed a motion to withdraw as counsel, explaining that "an impasse has arisen

between counsel and Mr. Mullikin as to how to effectively proceed with the sentencing process."

The district court granted the motion and appointed new counsel. On October 8, 2009, Mullikin,

through his new attorney, filed a motion to withdraw his guilty plea, stating the following:

> [D]efendant submits that during the negotiation of his plea, he was not advised of his rights to pursue a viable suppression issue by his former counsel. Specifically, defendant has recently learned of and desires to pursue a motion to suppress the search of his residence based on the holding in *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008). Defendant submits that during the representation by former counsel, he was not advised as to the validity of the search of his residence, was not made aware of the law regarding such issues, and was not advised about his rights to pursue a motion to suppress on the grounds that the search of his residence may have been invalid.

The district court held a hearing on the motion and noted that whether the plea could be

withdrawn on the basis of ineffective assistance of counsel would turn on whether the suppression

motion would have been successful. If not, the district court reasoned, there would be no prejudice,

as is required for showing ineffective assistance of counsel. It held a "mini-suppression hearing" to

determine the merits of the motion to suppress. At the hearing, Mullikin was the only witness called.

He testified that he asked Bubenzer to "check the warrant" and that Bubenzer told him the "warrant

was good."

He also testified that when he received the pre-sentence investigation report, around

September 15, 2009, he became aware that he may have a viable suppression issue. The district

court denied the motion to withdraw, addressing the factors for such a motion on the record and also

finding that a motion to suppress would not have succeeded on the merits. Mullikin was sentenced

to 97 months of imprisonment.

II.

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion, and the defendant has the burden to demonstrate that the motion should have been granted. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007).

A.

As a preliminary matter, the government has filed a motion to dismiss the appeal, arguing that Mullikin waived his right to appeal in the plea agreement. Whether a defendant has waived his right to appeal is reviewed *de novo*. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). Mullikin correctly points out that where an appeal implicates the voluntary nature of a guilty plea by claiming ineffective assistance of counsel at the guilty plea stage, the appeal is not barred by an appeal waiver provision in the plea agreement. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Thus, because Mullikin challenges the validity of the guilty plea (and necessarily the plea agreement and waiver itself) on grounds of ineffective assistance of counsel, the appeal is not barred by the waiver in the guilty plea.

B.

A defendant may withdraw a guilty plea before sentencing if he can demonstrate "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Mullikin argues that his counsel's ineffectiveness is itself a "fair and just" reason for allowing withdrawal of the guilty plea. Thus, a determination as to whether Mullikin should have been allowed to withdraw his plea requires us to address his ineffective assistance of counsel claim. "'As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not

been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.'" *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)). The typical method for raising such claims is to proceed under 28 U.S.C. § 2255.

To establish a claim for ineffective assistance of counsel, a defendant must show that: 1) his attorney's representation "fell below an objective standard of reasonableness;" and 2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In this case, the district court held a hearing that focused on the second *Strickland* factor, by wading into the hypothetical merits of the would-be motion to suppress. It did not, however, address the first factor and even specifically noted on the record that the hearing was not "a 2255 hearing," meaning it was not intended to fully address the merits of an ineffective assistance of counsel claim.

Typically, we do not address ineffective assistance of counsel claims on direct appeal because the trial court record often does not contain the attorney's rationale for the challenged action or inaction. *See United States v. McCarty*, 628 F.3d 284, 295-96 (6th Cir. 2010) (holding that when the appellate record "consists largely of unsubstantiated allegations without affidavits from defense counsel or [the defendant]," it is not adequately developed). In this case, only Mullikin testified at the hearing, and his attorney was not given an opportunity to present his version of the events. Mullikin admitted that he does not know what, if anything, his attorney did to ensure that the search warrant was valid or whether his attorney had read the *Hodson* case and decided it did not apply.

Because the district court did not address the issue of the attorney's performance, we would be left to speculate about the attorney's reasons for not filing a motion to suppress. Thus, the record

is not adequately developed for us to review the claim. Our holding is not to be construed as a determination on the merits of the suppression issue. Neither is it a bar to a motion raised pursuant to 28 U.S.C. § 2255. We simply decline to address the ineffective assistance of counsel claim on direct appeal in light of a record that is not adequately developed.

The motion to dismiss is **DENIED**. The judgment is **AFFIRMED**.