Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/19/2023 08:06 AM CDT

State of Nebraska, appellee, v.
Calvin James Hamm, appellant.

___ N.W.2d ___

Filed May 19, 2023.    Nos. S-22-466, S-22-467.

1. **Pleas: Waiver.** The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional.

2. **Pleas.** To be valid, a plea must be entered freely, knowingly, and voluntarily.

3. ____. To support a finding that a plea has been entered freely, knowingly, and voluntarily, a trial court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. The court must also examine the defendant and determine whether he or she understands the foregoing.

4. **Pleas: Records.** A trial court must ensure the record establishes that there is a factual basis for the plea and that the defendant knows the range of penalties for the crime with which he or she is charged.

5. **Convictions: Sentences: Waiver: Appeal and Error.** A criminal defendant can explicitly waive his or her right to appeal a criminal conviction as part of a sentencing agreement.

6. **Waiver: Appeal and Error.** To enforce a waiver of appellate rights, an appellate court must determine that (1) the appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his or her right to appeal, and (3) enforcing the waiver would not result in a miscarriage of justice.

7. ____: ____. The validity of an appeal waiver is a question of law on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.

8. **Effectiveness of Counsel: Waiver: Appeal and Error.** A waiver of the right to appeal is enforceable against claims of ineffective

assistance of counsel except to the extent the claim challenges the validity of the waiver itself.

9. \_\_\_\_: \_\_\_\_: \_\_\_\_. An appeal waiver may not be knowing and voluntary if it is the result of ineffective assistance of counsel.

10. \_\_\_\_: \_\_\_\_: \_\_\_\_. Ineffective assistance of counsel claims do not render an appeal waiver invalid except to the extent deficient representation in negotiating or advising on the waiver rendered it unknowing or involuntary.

11. **Waiver: Appeal and Error.** The miscarriage of justice exception is a narrow one that will not be allowed to swallow the general rule that waivers of appellate rights are valid.

12. **Effectiveness of Counsel: Plea Bargains.** Whether there has been a miscarriage of justice based on ineffective assistance of counsel is intertwined with the analysis for whether the plea bargain agreement was unknowing and involuntary because of ineffective assistance.

13. **Effectiveness of Counsel: Waiver: Appeal and Error.** Enforcement of an appeal waiver against a claim of ineffective assistance of counsel only results in a miscarriage of justice when the alleged ineffectiveness rendered the appeal waiver invalid.

14. **Waiver: Dismissal and Nonsuit: Appeal and Error.** The proper remedy for an enforceable waiver of appellate rights is to dismiss the appeal.

Appeals from the District Court for Buffalo County: John H. Marsh, Judge. Appeals dismissed.

Bergan E. Schumacher, of Bruner, Frank, Schumacher, Husak & Simpson, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.
## INTRODUCTION
A jury convicted a defendant of possession of methamphetamine and driving under the influence (DUI). Prior to the sentencing hearing for those convictions, the defendant

entered into a plea and sentencing agreement in which he agreed in a second case to plead no contest to a charge of possession with intent to distribute methamphetamine and to waive his right to appeal all issues in both cases to the extent permitted by law. The State agreed not to pursue habitual criminal enhancements in either case and dismiss a third case pending against the defendant. The district court accepted the plea and sentence agreement and sentenced the defendant in both cases. The defendant appealed, and we consolidated the appeals. On appeal, the defendant argues that trial counsel was ineffective for allowing him to testify on his own behalf and for eliciting incriminating testimony in the first case. The State responds that the defendant's appeal should be dismissed because the defendant's waiver applies to and is enforceable against this type of claim of ineffective assistance of counsel. We agree and dismiss.

## BACKGROUND

In Buffalo County District Court case No. CR21-119, the State charged Calvin James Hamm with possession of methamphetamine with a habitual criminal enhancement,[1] second-offense DUI,[2] second-offense refusal to submit to a chemical test,[3] and driving under suspension.[4] The case proceeded to trial on the first three charges. The State presented evidence at trial that a law enforcement officer stopped Hamm after witnessing a traffic violation and arrested him after he failed a field sobriety test. A substance found in the vehicle he was driving was later identified as methamphetamine.

After the State rested its case at trial, Hamm testified on his own behalf. Hamm admitted to struggling with drug

---

[1] See, Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2020); Neb. Rev. Stat. § 29-2221 (Reissue 2016).

[2] See Neb. Rev. Stat. § 60-6,196(1)(a) (Reissue 2021).

[3] See Neb. Rev. Stat. § 60-6,197.03 (Reissue 2021).

[4] See Neb. Rev. Stat. § 60-4,108(2) (Reissue 2021).

addiction for years and using methamphetamine on the day of his arrest. Hamm testified that on that day, after smoking methamphetamine in the morning, he went to a friend's house to try to get more drugs. When the friend never showed up with the drugs, he drove around until he was eventually pulled over by police for a traffic violation. Hamm testified that the vehicle he was driving did not belong to him and that he had no idea there was methamphetamine inside of it.

The jury found Hamm guilty of possession of methamphetamine and DUI but not guilty of refusing to submit to a chemical test.

In Buffalo County District Court case No. CR21-240, the State charged Hamm with possession with intent to distribute methamphetamine with a habitual criminal enhancement.[5] The State claimed that it would present evidence at trial that Hamm sold methamphetamine to a person working with law enforcement.

After his conviction in case No. CR21-119, Hamm and the State entered into a "Plea and Sentencing Stipulation." The stipulation provided that the State would dismiss the habitual criminal enhancements in both cases and would dismiss a third case, Buffalo County District Court case No. CR21-135, in which Hamm was charged with possession of methamphetamine with a habitual criminal enhancement. The State would also recommend that Hamm be sentenced to 465 days' imprisonment in case No. CR21-119 and 20 to 22 years' imprisonment in case No. CR21-240 to be served consecutively. In exchange, Hamm would plead no contest to possession with intent to distribute methamphetamine and would "waive his right to appeal all issues, to the extent a waiver is permissible" in cases Nos. CR21-119 and CR21-240.

At the plea hearing, counsel for the State summarized the agreement:

---

[5] See, § 28-416(1)(a) and (10); § 29-2221.

[Counsel for the State:] Your Honor, the parties have reduced the agreement to a stipulation, but in essence for the Court today, . . . Hamm is going to plea as charged to a second amended information, which the State has here, which removes the habitual criminal enhancement.

In exchange, the parties have reached a stipulated sentencing agreement by which . . . Hamm will be — agree to a stipulated sentence of 20 to 22 years, with 4 days credit for time served in this matter. And then the parties have reached an agreement by which if this Court sentences . . . Hamm consistent with the parties' agreement, he will enter a waiver to appellate rights in all three of these cases to the extent those are waivable.

The State will remove the habitual criminal enhancement on CR 21-119, an offense to which he's already been convicted by jury, in exchange for the sentencing agreement in this case; and then the State will dismiss the additional pending case against [him], CR 21-135.

And the parties have agreed that in CR 21-119, if the Court should sentence . . . Hamm consistent with our agreement in CR 21-240, the parties will stipulate to a sentence of 435 days, which with the credit [he] will have for time served in that case at the time of the currently scheduled sentencing would constitute a time served sentence in that case. And that would be consecutive to the 20 to 22 years in this case.

The court then confirmed that Hamm heard and agreed to those terms:

THE COURT: All right, then, . . . did you hear the plea agreement set forth by [counsel for the State]?

. . . .

CALVIN HAMM: Um, I did, sir.

THE COURT: Is that your agreement?

CALVIN HAMM: Um, yes, that's the agreement I agreed to.

The court also confirmed that Hamm had reviewed, understood, and signed the written "Plea and Sentencing Stipulation" outlining the course of the plea negotiations and the exact terms of the agreement:

> THE COURT: . . . Okay, so [defense counsel] has a document. Have you had the opportunity to review that document . . . ?
>
> . . . .
>
> CALVIN HAMM: Yes, I have.
>
> THE COURT: And have you signed it?
>
> CALVIN HAMM: Yes, I have.
>
> THE COURT: Do you understand the contents of that document?
>
> CALVIN HAMM: Um, yes, I understand.

The district court informed Hamm of his rights and confirmed that Hamm had reviewed and understood the plea agreement. The district court accepted Hamm's plea, finding that it was entered knowingly, voluntarily, and intelligently. The district court sentenced Hamm consistent with the plea and sentencing agreement.

Hamm appeals.

## ASSIGNMENTS OF ERROR

Hamm assigns that his trial counsel was ineffective for (1) failing to advise him against testifying at trial and (2) eliciting incriminating testimony from him on direct examination.

## STANDARD OF REVIEW

The validity of an appeal waiver is a question of law.[6]

An appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below on questions of law.[7]

---

[6] *State v. Dye*, 291 Neb. 989, 870 N.W.2d 628 (2015).

[7] See *id.*

An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal.[8]

## ANALYSIS

Hamm claims that trial counsel was ineffective for allowing him to testify at trial and eliciting incriminating testimony from him on direct examination. He argues that the plea and sentencing agreement is void because he would not have entered into it but for such ineffective assistance of counsel. The State argues that Hamm's claim should be dismissed because he explicitly waived his right to appeal all issues.

[1-4] The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional.[9] Such a plea must be entered freely, knowingly, and voluntarily.[10] To support a finding that a plea has been entered freely, knowingly, and voluntarily, the court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination.[11] The court must also examine the defendant and determine whether he or she understands the foregoing.[12] Lastly, the court must ensure the record establishes that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she is charged.[13]

There is evidence in the record that the agreement was knowing and voluntary. At the plea hearing, the State's attorney explained the general terms of the agreement, including the waiver of appellate rights, and Hamm affirmed that he

---

[8] *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[9] *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

[10] See *Jones v. U.S.*, 167 F.3d 1142 (7th Cir. 1999).

[11] See *Manjikian, supra* note 9.

[12] See *id.*

[13] See *id.*

agreed to them. Hamm also affirmed that he reviewed, understood, and signed the written document outlining the exact terms of the agreement, which included an explicit waiver of the right to appeal.

[5-7] Additionally, a criminal defendant can explicitly waive his or her right to appeal a criminal conviction as part of a sentencing agreement.[14] We have held that to enforce such a waiver, we must determine that (1) the appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his or her right to appeal, and (3) enforcing the waiver would not result in a miscarriage of justice.[15] The validity of an appeal waiver is a question of law on which we have an obligation to reach an independent conclusion irrespective of the decision of the court below.[16]

Hamm claims that the plea and sentencing agreement is void because but for the ineffective assistance of counsel in case No. CR21-119, he would not have been convicted and would not have entered into the agreement, and that therefore, he entered into the agreement unknowingly and involuntarily. He also claims that because of the same chain of events originating with the alleged ineffective assistance of counsel, enforcing his appeal waiver would result in a miscarriage of justice. We hold that Hamm's claim of ineffective assistance of counsel does not invalidate the appeal waiver included in his plea and sentencing agreement because it does not relate directly to the process by which the waiver agreement was entered into. For the same reason, we also hold that enforcing Hamm's appeal waiver against his claim of ineffective assistance of counsel would not result in a miscarriage of justice.

[8,9] A waiver of the right to appeal is enforceable against claims of ineffective assistance of counsel except to the

---

[14] See *Dye, supra* note 6.

[15] See *id.*

[16] See *id.*

extent the claim challenges the validity of the waiver itself.[17] We have recognized that an appeal waiver may not be knowing and voluntary if it is the result of ineffective assistance of counsel.[18]

Other jurisdictions have refused to enforce appeal waivers against claims of ineffective assistance of counsel only to the extent the claim challenges the process by which the waiver agreement was entered into.[19] The Seventh Circuit Court of Appeals explained in *Jones v. U.S.*[20] that enforcing an appeal waiver entered into upon the ineffective assistance of counsel would "deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." It stressed, however, that under this reasoning, the exception is limited to "those discrete claims which relate directly to the negotiation of the waiver."[21] Because the defendant in *Jones* explicitly alleged that he received ineffective assistance of counsel in the negotiation of the waiver, the court proceeded to the merits of his appeal.[22]

---

[17] See *Dye, supra* note 6. See, also, *U.S. v. Ortiz-Vega*, 860 F.3d 20 (1st Cir. 2017); *Parisi v. U.S.*, 529 F.3d 134 (2d Cir. 2008); *U.S. v. Williams*, 247 Fed. Appx. 423 (4th Cir. 2007); *U.S. v. Barnes*, 953 F.3d 383 (5th Cir. 2020); *U.S. v. Mullikin*, 460 Fed. Appx. 526 (6th Cir. 2012); *Jones, supra* note 10; *U.S. v. Andis*, 333 F.3d 886 (8th Cir. 2003); *Washington v. Lampert*, 422 F.3d 864 (9th Cir. 2005); *U.S. v. Hawkins*, 390 Fed. Appx. 818 (10th Cir. 2010); *Sharpley v. U.S.*, 499 F. Supp. 2d 208 (N.D.N.Y. 2007), *affirmed* 355 Fed. Appx. 488 (2d Cir. 2009); *Garafola v. U.S.*, 909 F. Supp. 2d 313 (S.D.N.Y. 2012); *People v. Petgen*, 55 N.Y.2d 529, 435 N.E.2d 669, 450 N.Y.5.2d 299 (1982).

[18] *Dye, supra* note 6.

[19] See, *Ortiz-Vega, supra* note 17; *Parisi, supra* note 17; *Williams, supra* note 17; *Barnes, supra* note 17; *Mullikin, supra* note 17; *Jones, supra* note 10; *Lampert, supra* note 17; *Hawkins, supra* note 17; *Garafola, supra* note 17; *Petgen, supra* note 17.

[20] *Jones, supra* note 10, 167 F.3d at 1145.

[21] *Id.*

[22] See *Jones, supra* note 10.

The Second Circuit Court of Appeals applied similar reasoning to an appeal waiver entered as part of a plea agreement in *Parisi v. U.S.*[23] In that case, a defendant claimed on appeal that his trial counsel should have moved to dismiss the indictment for a violation of the Speedy Trial Act.[24] He argued that his claim should survive his appeal waiver because "'if counsel had been effective, the indictment would have been dismissed with prejudice, and therefore there would have been no plea agreement.'"[25] The court rejected this argument, holding a claim of ineffective assistance of counsel only survives an appeal waiver when it challenges "'the process by which the waiver ha[d] been procured.'"[26] It explained that "[e]verything that occurs prior to . . . entry into a plea agreement informs the defendant's decision to accept or reject the agreement."[27] "[C]hallenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver," but "challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."[28]

[10] We agree with these decisions and hold that ineffective assistance of counsel claims do not render an appeal waiver invalid except to the extent deficient representation in negotiating or advising on the waiver rendered it unknowing or involuntary. Thus, Hamm's appeal waiver is valid because he did not allege trial counsel's performance in negotiating the plea and sentencing agreement or advising him to accept it was deficient. Trial counsel's decision to allow Hamm to

---

[23] *Parisi, supra* note 17.

[24] *Id.*

[25] *Parisi, supra* note 17, 529 F.3d at 138.

[26] *Id.* (emphasis omitted).

[27] *Parisi, supra* note 17, 529 F.3d at 138.

[28] *Id.* at 138-39.

testify at trial and his performance at trial occurred prior to the plea and sentencing negotiations and counsel's advising Hamm to accept the agreement. Hamm did not allege that he was unaware of trial counsel's performance at trial when he entered into the agreement. Similar to the attorney's failure to pursue a motion to dismiss in *Parisi*,[29] the performance of Hamm's counsel at trial and Hamm's subsequent conviction in case No. CR21-119 formed Hamm's bargaining position but did not directly affect the waiver process. Hamm's allegations of ineffective assistance in relation to Hamm's testifying in his own defense in the first trial did not render the plea and sentencing agreement here at issue unknowing or involuntary. Thus, the appeal waiver is valid.

[11] And enforcing the waiver against Hamm's claim of ineffective assistance of counsel would not result in a miscarriage of justice. In *State v. Dye*,[30] we adopted the miscarriage of justice exception to the general enforceability of appeal waivers, following the Eighth Circuit Court of Appeals' decision in *U.S. v. Andis*.[31] Although we did not elaborate on what constitutes a "miscarriage of justice," we noted the exception "is a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid."[32] We recognized that the *Andis* court included within the miscarriage of justice exception appeals alleging an illegal sentence or ineffective assistance of counsel, but we did not address those circumstances in *Dye* because they were not present on appeal.[33]

[12] Other courts have applied the miscarriage of justice exception to appeals of illegal sentences and claims of

---

[29] *Id.*

[30] *Dye, supra* note 6.

[31] *Andis, supra* note 17.

[32] *Dye, supra* note 6, 291 Neb. at 1000, 870 N.W.2d at 635.

[33] See *id.*

ineffective assistance of counsel.[34] The majority of these courts hold that for ineffective assistance of counsel to support a plea agreement being a miscarriage of justice, the alleged ineffectiveness must relate directly to the plea or waiver itself.[35] Thus, whether there has been a miscarriage of justice based on ineffective assistance of counsel is intertwined with the analysis for whether the plea bargain agreement was unknowing and involuntary because of ineffective assistance.

The First Circuit Court of Appeals held in *U.S. v. Teeter*[36] that "waivers of the right to appeal from imposed sentences are presumptively valid" if "knowing and voluntary," subject only to the court's "inherent power to relieve the defendant of the waiver . . . where a miscarriage of justice occurs." The First Circuit has only applied the miscarriage of justice exception to ineffective assistance of counsel claims that alleged "'the plea proceedings were tainted by ineffective assistance of counsel.'"[37] Similarly, the 10th Circuit Court of Appeals has held that ineffective assistance of counsel may result in a miscarriage of justice only where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid."[38] In *U.S. v. Hawkins*,[39] the court recognized that where a defendant argues that

---

[34] See, *Ortiz-Vega, supra* note 17; *U.S. v. Torres-Oliveras*, 583 F.3d 37 (1st Cir. 2009); *U.S. v. Shedrick*, 493 F.3d 292 (3d Cir. 2007); *U.S. v. Griffin*, 668 F.3d 987 (8th Cir. 2012); *Andis, supra* note 17; *Hawkins, supra* note 17; *U.S. v. Arevalo-Jimenez*, 372 F.3d 1204 (10th Cir. 2004); *U.S. v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).

[35] See, *Ortiz-Vega, supra* note 17; *Torres-Oliveras, supra* note 34; *U.S. v. Jordan*, 438 Fed. Appx. 180 (4th Cir. 2011); *Arevalo-Jimenez, supra* note 34; *Hahn, supra* note 34.

[36] *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001).

[37] See *Ortiz-Vega, supra* note 17, 860 F.3d at 28. See, also, *U.S. v. Rodriguez-Monserrate*, 22 F.4th 35 (1st Cir. 2021); *Torres-Oliveras, supra* note 34.

[38] *Hawkins, supra* note 17; *Hahn, supra* note 34.

[39] *Hawkins, supra* note 17.

because of ineffective assistance of counsel an appeal waiver was unknowing and involuntary and enforcement would result in a miscarriage of justice, its analysis on both questions is intertwined.

[13] We agree with these decisions and hold that enforcement of an appeal waiver against a claim of ineffective assistance of counsel only results in a miscarriage of justice when the alleged ineffectiveness rendered the appeal waiver invalid. We have already discussed that Hamm's claim of ineffective assistance did not render his appeal waiver invalid because it did not directly relate to the negotiation of the waiver or the advice he received concerning the plea agreement. Therefore, the miscarriage of justice exception does not apply and we will enforce Hamm's appeal waiver.

[14] The proper remedy for an enforceable waiver is to dismiss the appeal.[40] In *Dye*, we dismissed a defendant's appeal after determining that his appeal waiver was enforceable against his claim.[41] We discussed the decisions of other jurisdictions and noted that the majority of those jurisdictions held that dismissal was the proper remedy when an enforceable appeal waiver applied to the defendant's claim.[42] We noted that the Supreme Court of New Jersey held that such appeals could continue, but the State would be released from its obligations under the waiver agreement.[43] However, we agreed with the majority of jurisdictions that dismissal was the proper remedy.[44]

Having determined that Hamm's appeal waiver is enforceable, we dismiss his appeals. As such, we decline the State's

---

[40] *Dye, supra* note 6.

[41] See *id.*

[42] *Id.* See, *U.S. v. Walters*, 732 F.3d 489 (5th Cir. 2013); *U.S. v. Smith*, 759 F.3d 702 (7th Cir. 2014); *U.S. v. Rollings*, 751 F.3d 1183 (10th Cir. 2014); *Cubbage v. State*, 304 Md. 237, 498 A.2d 632 (1985).

[43] *Dye, supra* note 6. See *State v. Gibson*, 68 N.J. 499, 348 A.2d 769 (1975).

[44] *Dye, supra* note 6.

invitation to exercise our discretion to review the district court's sentencing order in case No. CR21-119 for plain error.[45]

## CONCLUSION

Hamm's appeals must be dismissed because he validly waived the right to raise his claim of ineffective assistance of trial counsel on appeal.

APPEALS DISMISSED.

---

[45] See *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).