IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DEBUS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PAIGE DEBUS, APPELLANT.

Filed April 30, 2024.    No. A-23-910.

Appeal from the District Court for Box Butte County: TRAVIS P. O'GORMAN, Judge. Appeal dismissed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Paige Debus appeals her plea-based conviction, assigning only that she received an excessive sentence. The State argues that Debus' plea agreement included an appeal waiver; therefore, her appeal is not properly before this court. We agree and dismiss her appeal.

## BACKGROUND

An investigator with the Nebraska State Patrol used a confidential informant (CI) to purchase methamphetamine from Debus on three occasions. The CI was known to have previously purchased methamphetamine from Debus on several occasions. The CI purchased approximately 1.3 grams of methamphetamine on March 12, 2020. The CI purchased $40 worth of suspected methamphetamine on March 24, which later tested positive for methamphetamine. On that date, Debus also showed the CI that she had more methamphetamine available for purchase but did not

- 1 -

have the means "to break it up." On June 15, the CI again purchased 1.3 grams of suspected methamphetamine, which later tested positive.

On January 18, 2023, a warrant was issued for Debus' arrest. Debus was arrested and charged with three counts of distribution of a controlled substance—methamphetamine.

On July 26, 2023, the district court was advised that the State had reached a global plea agreement with Debus for the present case, as well as two additional cases. The district court advised Debus of her constitutional rights and explained that she would be giving up those rights by accepting a plea agreement. Debus confirmed she understood her rights and that she was waiving them. The district court subsequently accepted Debus' plea of no contest and found her guilty of distribution of a controlled substance–methamphetamine and distribution of a controlled substance–fentanyl.

At sentencing, the district court noted that it considered the necessary sentencing factors and reviewed the presentence investigation report (PSR). It explained that prior to the controlled buys in 2020, Debus had a limited criminal record; however, since those controlled buys, she had eight subsequent offenses, all of which were controlled substances related. The district court ultimately sentenced Debus to 4 to 6 years' imprisonment for distribution of a controlled substance-methamphetamine and 6 to 8 years' imprisonment for distribution of a controlled substance–fentanyl. The sentences were ordered to be served consecutively.

## STANDARD OF REVIEW

The validity of an appeal waiver is a question of law. *State v. Hamm*, 314 Neb. 311, 989 N.W.2d 719 (2023).

## ANALYSIS

Debus assigns that her sentence was excessive. The State argues that Debus waived her right to appeal her sentence when she entered into her plea agreement, which included an appeal waiver provision. The State claims that Debus' claims are not properly before this court because the appeal waiver provision bars Debus from appealing her sentence. We agree.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Hamm, supra*. Such a plea must be entered freely, knowingly, and voluntarily. *Id*. To support a finding that a plea has been entered freely, knowingly, and voluntarily, the court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. *Id*. The court must also examine the defendant and determine whether he or she understands the foregoing. *Id*. Lastly, the court must ensure the record establishes that there is a factual basis for a plea and that the defendant knew the range of penalties for the crime with which he or she was charged. *Id*.

Additionally, a criminal defendant can explicitly waive his or her right to appeal a criminal conviction as part of a sentencing agreement. *Id*. To enforce such waiver, the appellate court must determine that (1) the appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his or her right to appeal, and (3) enforcing the waiver would not result in a miscarriage of justice. *Id*. Debus makes no argument regarding the validity of the waiver; rather,

her brief addresses solely the length of her sentences. For purposes of completeness, we briefly address the three elements.

First, to determine whether this appeal falls within the scope of Debus' waiver, the burden of proof is on the State to demonstrate that an agreement clearly and unambiguously waives a defendant's right to appeal. See *State v. Dye*, 291 Neb. 989, 870 N.W.2d 628 (2015). Waivers of the right of appeal are to be applied narrowly, with any ambiguities construed against the State and in favor of the defendant's right to appeal. *Id*.

Under the terms of Debus' plea agreement it provided:

[Debus] understands that by entering this plea and being sentenced under this agreement, [Debus] will give up the right to appeal the constitutionality or lawfulness of the seizure of any evidence or any statements that may have been obtained from [Debus] by law enforcement. [Debus] further agrees as a part of this Plea Agreement to waive any appeal of his/her sentence in this matter, waives any appeals as to the validity of this Plea Agreement, including the validity of any collateral repercussions deriving therefrom.

The terms of Debus' plea agreement unambiguously provide that she waived her right to appeal her sentence as excessive. Debus' appeal falls within the scope of the waiver.

Second, there is evidence in the record that the plea agreement was entered into knowingly and voluntarily. A journal entry from the district court described that it explained each of Debus' constitutional rights to her. The district court advised Debus that by entering a plea of guilty or no contest, she would give up these rights. Debus affirmed that she understood her rights and was waiving them.

Finally, a miscarriage of justice provides an exception to the waiver that is "a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." See *State v. Dye*, 291 Neb. at 1000, 870 N.W.2d at 635 (quoting *U.S. v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)). In connection with the miscarriage of justice consideration, "a defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." *State v. Dye*, 291 Neb. at 1000, 870 N.W.2d at 635 (quoting *U.S. v. Andis*, 333 F.3d at 891-92). A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the permissible statutory penalty for the crime. *State v. Dye, supra*. Debus concedes that her sentences fall within the statutory guidelines.

Having waived her right to appeal her sentences, we dismiss Debus' appeal. See *State v. Dye, supra* (holding once appellate court determines appeal waiver enforceable, proper remedy is to dismiss appeal).

CONCLUSION

For the foregoing reasons, we dismiss Debus' appeal.

APPEAL DISMISSED.