IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. KEEVER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WALTER A. KEEVER, APPELLANT.

Filed August 6, 2024.    No. A-23-977.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Nicholas R. Glasz, of Glasz Law, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Walter A. Keever appeals from his plea-based conviction for first degree sexual assault. Keever assigns errors related to the validity of his plea and the length of his sentence. Following our review, we determine Keever knowingly and voluntarily entered his plea, and the district court did not abuse its discretion in sentencing him. We affirm.

## BACKGROUND

Keever was originally charged with first degree sexual assault of a child, first degree sexual assault, two counts of incest, assault by strangulation or suffocation, and possession of a firearm by a prohibited person. Pursuant to a plea agreement, the State filed a third amended information that charged Keever with first degree sexual assault and alleged that he was subject to the habitual criminal penalty enhancement. Keever pled no contest to the charge.

- 1 -

The State's factual basis was that on April 11, 2022, an 18-year-old developmentally delayed female disclosed to her classmate that her father, Keever, had sexually assaulted her 2 days prior. Due to this disclosure, the victim participated in a forensic interview where she disclosed that she had been the victim of sexual assaults, including digital and penile vaginal penetration, for the past 3 years. The victim was approximately 14 or 15 years old when the assaults began. During an assault in March, Keever placed a pillow over the victim's face while he assaulted her, which prevented her from breathing. The victim also disclosed that she had been the subject of digital penetration and had been forced to masturbate Keever approximately 50 times while living in a certain residence. All the incidents of penetration were without the victim's consent.

The district court accepted Keever's plea, found him guilty of the charge, and ordered a presentence investigation report (PSI). At the sentencing hearing, the State began to present evidence of Keever's prior felony convictions, but ultimately Keever and the State stipulated that Keever had two prior felony convictions. The two prior convictions included a conviction for identity theft and one for attempted burglary. The district court found that the State had proven that Keever was a habitual criminal and that his sentence should be enhanced. For his conviction of first degree sexual assault, Keever was sentenced to 50 to 58 years' imprisonment, with the first 10 years of his sentence being a mandatory minimum sentence. Keever was given credit for 565 days served. Keever appeals.

## ASSIGNMENTS OF ERROR

Keever assigns that his plea was not freely, intelligently, voluntarily, understandingly, and knowingly entered; that the district court abused its discretion by imposing an excessive sentence; that the district court erred in imposing an unconstitutionally excessive sentence; and that the district court failed to consider whether Keever caused serious personal injury to the victim as required by statute in reaching a sentencing determination.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

Whether a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment presents a question of law. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

## ANALYSIS

*Validity of Plea.*

Keever assigns that his plea was not freely, intelligently, voluntarily, understandingly, and knowingly entered. He argues that he was never informed of his right to counsel or of the privilege

against self-incrimination, and that the district court never inquired as to whether he understood he was waiving his rights by pleading no contest. Keever also argues that the district court's "grouping" of rights, such as certain rights of appeal, "does not pass muster." Brief for appellant at 16. Having reviewed the record and relevant appellate case law, we find that Keever's plea was entered freely, knowingly, and voluntarily.

To support a finding that a plea has been entered freely, knowingly, and voluntarily, the court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. *State v. Hamm*, 314 Neb. 311, 989 N.W.2d 719 (2023). The court must also examine the defendant and determine whether he or she understands the foregoing. *Id*. Lastly, the court must ensure the record establishes that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she is charged. *Id*.

Keever argues that he was not informed of his right to counsel at the plea hearing and that this renders his plea invalid. While the record does not reflect that he was informed of the right to counsel at the plea hearing, he was represented by counsel at the plea hearing. The Nebraska Supreme Court has previously held that the failure to inform a defendant of the right to counsel does not render the plea invalid if the defendant was actually represented by counsel. *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016). Here, Keever was represented by counsel at the hearing, and he told the district court he had discussed the possible penalties and consequences with his attorneys to his satisfaction. Keever confirmed for the district court that he had discussed the facts and possible defenses with his lawyers, that he did not need additional time to discuss the case with his lawyers before the district court accepted his plea, and that he was satisfied with the advice and the representation of his lawyers in the case. Having reviewed the record of the plea hearing, we determine the failure of the district court to specifically inform Keever of his right to counsel does not render his plea invalid under the circumstances of this case.

Keever also argues that the district court failed to inform him of his privilege against self-incrimination. He argues that the district court told him he had the right to remain silent, but that that right is different than the right against self-incrimination. Keever's argument is that the district court informed him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), rather than his right not to testify at trial. However, at the plea hearing, the district court informed Keever that he had "the right to remain silent at trial or at any proceeding" and that "[his] silence cannot be used against [him]." While the district court did not use the phrase "self-incrimination" it did inform Keever he had the right not to testify at trial and that the failure to do so could not be used against him. This was sufficient to inform him of this specific right.

Keever argues that the district court failed to inform him of his specific rights of appeal, but rather stated only that "[he] still had certain rights of appeal, even though [he] entered a plea." We can find no applicable case law that holds that the failure to inform a defendant of the various rights on appeal invalidates a plea, and Keever does not present us with any.

Finally, Keever argues that the district court failed to inquire on the record whether he understood that by entering his plea, he was waiving his constitutional rights. But after identifying Keever's constitutional rights, the district court asked Keever if he understood "these rights," and Keever confirmed that he did. The district court then asked Keever if he was waiving "these rights"

freely, voluntarily, intelligently, and knowingly, and Keever confirmed that he was. This was sufficient to show that Keever understood his constitutional rights and freely, knowingly, and voluntarily waived them.

The record shows that Keever was not informed of his right to counsel but that he was represented by counsel and confirmed he had discussed the case with them and was satisfied by his representation. He was informed of his other rights, including the privilege against self-incrimination. Keever confirmed with the district court that he understood his rights, and that he was waiving them freely, intelligently, voluntarily, and understandingly. His pleas were freely, knowingly, and voluntarily entered. This assignment of error fails.

*Excessive Sentence.*

Keever assigns that the district court abused its discretion by imposing an excessive sentence. Keever was convicted of first degree sexual assault, and the sentence was enhanced due to Keever being a habitual criminal. There were changes made to the habitual criminal statute in 2023 which lowered the mandatory minimum sentence for non-sex related offenses, but because Keever's charge involved sexual penetration, the lesser penalty provided for in Neb. Rev. Stat. § 29-2221(1)(c) (Supp. 2023) does not apply to him. Keever remains subject to a mandatory minimum sentence of 10 years' imprisonment, and a maximum sentence of not more than 60 years' imprisonment. § 29-2221(1). Keever received a sentence of 50 to 58 years' imprisonment. This is within statutory limits and is thus reviewed for an abuse of discretion. An abuse of discretion takes place when the sentencing court's reasons or ruling are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of a crime. *State v. Vaughn*, 314 Neb. 167, 989 N.W.2d 378 (2023). The PSI shows that at the time of sentencing Keever was 54 years old and a high school graduate. His prior convictions date back to 1989 and include driving under the influence, driving while intoxicated, driving under suspension, attempt of a Class III felony, criminal trespass, resisting arrest, burglary of a vehicle, and identity theft. Keever was rated as a high risk on his Level of Service Case Management Inventory.

At sentencing, the district court noted that it had considered Keever's age, education, social and cultural background, and information about his family and upbringing. It also stated that it had read the PSI and was familiar with the information in it. The district court noted that Keever had numerous previous incarcerations. The district court discussed the motivation for the offense, which it felt appeared to be purely selfish sexual gratification, and that Keever grossly deviated from the standards of acceptable conduct. The district court also recognized that Keever had entered a plea rather than requested a trial, and that he had expressed some remorse.

Keever argues that the district court failed to consider his rehabilitative needs and that it imposed a sentence above what would be consistent with public protection. However, it is clear the district court considered all the appropriate factors when fashioning Keever's sentence. We cannot say the district court abused its discretion in imposing the sentence. This assignment of error fails.

- 4 -

*Unconstitutional Sentence.*

Keever assigns that the district court erred by imposing an unconstitutionally excessive sentence. He argues his sentence violates the Eighth Amendment of the U.S. Constitution and that it is disproportionate to the crime. Keever compares his sentence to the possible penalties that can be imposed for those who have committed different crimes.

The Eighth Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017). The factors to be considered in determining whether punishment is unconstitutionally cruel and unusual are (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *State v. Loschen*, 221 Neb. 315, 376 N.W.2d 792 (1985). Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense. *Id*. As discussed above, the sentence imposed is within the statutory limits. Keever does not argue the statutory penalty range is unconstitutional, only that the sentence he received within that range is unconstitutional. Based on our review of the record in this case, we cannot agree with Keever. His sentence is not a violation of the Eighth Amendment, and this assignment of error fails.

*Serious Personal Injury.*

Keever assigns that the district court erred by failing to consider whether he caused serious personal injury to the victim when fashioning the sentence, as required by Neb. Rev. Stat. § 28-319(2) (Reissue 2016). He argues that while a separate evidentiary hearing to determine if the victim suffered serious bodily injury is not required, the "sentence deductively shows us the District Court Judge did not consider whether [he] caused serious personal injury to the victim." Brief for appellant at 20. To the extent that Keever is implying that he should have received a lesser sentence because the victim did not suffer serious personal injury, we disagree.

"Serious personal injury" is defined to include "great bodily injury or disfigurement, extreme mental anguish or mental trauma." See Neb. Rev. Stat. § 28-318(4) (Reissue 2016). The State's comments at sentencing, as well as the victim impact statements, portray the severe psychological trauma the victim suffered as a result of Keever's actions. In sentencing Keever, the court noted that it reviewed "the parties' statements and descriptions." So although the sentencing court did not specifically state that the victim suffered "serious bodily injury," its imposition of a sentence of 50 to 58 years' imprisonment indicates that it did consider this factor and found that she had. We find no abuse of discretion in that determination. Nor do we find any requirement that the sentencing court must specifically articulate that it had considered this factor. See *State v. Bunner*, 234 Neb. 879, 453 N.W.2d 97 (1990) (affirming sentence without specific finding of serious personal injury). Consequently, we reject Keever's argument that the district court failed to consider whether the victim suffered serious personal injury.

## CONCLUSION

Having reviewed the record, we determine that Keever's plea was entered freely, knowingly, and voluntarily and that the district court did not abuse its discretion in sentencing Keever. We affirm the judgment of the district court.

AFFIRMED.